# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 06-60006

VERSUS                            JUDGE MELANÇON

MEHMOOD M. PATEL                  MAGISTRATE JUDGE METHVIN

<u>**ORDER**</u>

Before the Court is the defendant's Motion for Bail Pending Appeal and Incorporated Memorandum of Authorities [Rec. Doc. 317]. In *United States v. Valera-Elizondo*, 761 F.2d 1020 (5th Cir. 1985), the United States Court of Appeals for the Fifth Circuit annunciated a four part test to determine whether a convicted and sentenced defendant is entitled to bond pending appeal pursuant to 18 U.S.C. §3143(b). In that case, the Court stated that the defendant has the burden of proving:

(1)     that he is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2)     that the appeal is not for the purposes of delay;

(3)     that the appeal raises a substantial question of law or fact; and

(4)     that if that substantial question is determined favor to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Valera-Elizondo*, 761 F.2d at 1025 (*citing United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) *and United States v. Miller*, 753 F.2d 19, 24 (3rd Cir. 1985)).

As the Court made the finding at the June 4 sentencing hearing that the defendant is not likely to flee and does not pose a danger to any person or the community, the analysis of defendant's current motion will focus on the remaining elements.

1

The Court finds that the defendant's appeal is in good-faith and is not for the purposes of delay. However, the Court cannot find that the appeal raises a "substantial question" of law or fact. In *Valera-Elizondo*, the Fifth Circuit, following the Eleventh Circuit, stated that a "substantial question" is ". . . a 'close' question or one that very well could be decided the other way." *Valera-Elizondo*, 761 F.2d at 1024. Whether a question is substantial must be decided on a case-by-case basis, and the lack of a controlling precedent is but one factor to consider. *Id.* The Fifth Circuit further explained that ". . . a 'substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Id.*

Here, the defendant cites the arguments raised in his various motions filed before, during, and after trial as evidence that a "substantial question" exists in this case. Defendant raises no new arguments in the motion *sub judice*. A review of defendant's motions and arguments reveals that none of the arguments advanced present novel issues or close questions for resolution. In its June 3, 2009 Memorandum Ruling [Rec. Doc. 307] and Order [Rec. Doc. 308], the Court relied on controlling and long-standing jurisprudential, statutory, and constitutional authorities to resolve each and every issue presented.[1] Based on the Court's ruling, there is no fair doubt, much less substantial doubt, as to the outcome of the resolution of the issues presented.

---

[1]    Defendant argues that the constitutionality of 18 U.S.C. §1347 is a novel issue in the Fifth Circuit raised for the first time in his Motion to Dismiss [Rec. Doc. 95]. However, as set out by Magistrate Judge Methvin in her Report and Recommendations [Rec. Doc. 131] on the motion, as adopted by the District Court [Rec. Doc. 138], this is not a novel issue and ". . . relevant case law is replete with instances of health care fraud committed in the same manner as that alleged here: the performance of medically unnecessary procedures which are then billed to a health care program." *Report and Recommendations* [Rec. Doc. 131], pg. 6. Further, were this a novel issue in the Fifth Circuit, that fact alone would be insufficient to present a "substantial question" as other circuits have addressed the issue and there is ". . . no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." *Valera-Elizondo*, 761 F.2d at 1024 (*quoting Giancola*, 754 F.2d at 901).

Having determined that no "substantial question" exists in this case, it is unnecessary to consider the final element of the test. Having failed to establish a required element for relief, the defendant is not entitled to bond pending appeal pursuant to 18 U.S.C. §3143(b). Accordingly, it is

**ORDERED** that defendant's Motion for Bail Pending Appeal [Rec. Doc. 317] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's alternative request for a stay of his surrender date of July 6, 2009 is **DENIED**. Per order of this Court on June 4, 2009, defendant is to report to the Bureau of Prisons no later than July 6, 2009.

**THUS DONE AND SIGNED** this 18th day of June, 2009 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge