# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-60006 |
| VERSUS | JUDGE MELANÇON |
| MEHMOOD M. PATEL | MAGISTRATE JUDGE METHVIN |

## **MEMORANDUM ORDER**

Before the Court are the government's Motion Requesting that Defendant's Cash Bond be Used to Pay Costs of Incarceration and Supervision [Rec. Doc. 320] and defendant's Memorandum in Opposition thereto [Rec. Doc. 329].[1] During its June 4, 2009 sentencing hearing, the Court sentenced the defendant to 120 months in prison and three years of supervised release. The Court also ordered defendant to pay restitution, imposed a $175,000 fine, and cast the defendant with the costs of his incarceration and supervised release. Following sentencing, the government filed the instant motion seeking to use defendant's $500,000 cash bond to pay the monetary penalties imposed by the Court. Defendant did not oppose this motion as it pertained to the $175,000 fine but opposed the withholding of the costs of incarceration and supervision from the bond. Defendant argues that the Court erred in assessing a "separate" fine for costs of incarceration and supervision; that the Court erred in failing to give advanced notice prior to "departing" from the guideline

---

[1] The government also requested that the fine imposed by the Court on the defendant be paid out of defendant's cash bond. However, as the defendant did not oppose this request, the Court granted the government's motion on that issue in its June 25, 2009 Order [Rec. Doc. 330]. The only matter before the Court, then, is whether the costs of incarceration and supervision may properly be withheld from defendant's cash bond.

fine; and that there is no legal support to withhold the imposed costs from the bond.

Title 28, Section 2044 of the United States Code states that, "[o]n motion of the United States attorney, the court *shall* order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of *any assessment, fine, restitution, or penalty imposed upon the defendant.*" 28 U.S.C. §2044 (*emphasis added*). Defendant does not dispute that the imposed costs are an ". . . assessment, fine, restitution, or penalty" within the purview of §2044. Thus, despite defendant's equitable argument to the contrary, if the costs were properly assessed this Court is afforded no discretion in granting the government's motion. The only real question before the Court, then, is whether the Court erred in imposing the costs.

Defendant argues that the imposition of the costs of incarceration and supervision separate from the $175,000 fine is an impermissible "secondary fine." Citing Title 18, Section 3572(a)(6) of the United States Code, United States Sentencing Guideline 5E1.2(d)(7), and Amendment 572 in Appendix C of the United States Sentencing Guidelines, defendant maintains that the punitive fine imposed by Court should properly have taken into consideration the costs of incarceration and supervision, and such costs should not have been rendered as a separate portion of the judgment. While defendant is correct that the Sentencing Commission did ". . . dispense[] with the *requirement* that courts determine a separate, additional

2

fine for [cost of confinement and supervision]," he cites no prohibition on such a sentence. USSG, App. C, Amd. 572 (1997) (*emphasis added*).[2] Further, merely because the Court addressed the punitive fine separately from the costs during the sentencing hearing does not change the nature of the imposition. The defendant does not dispute the total fine, including the imposed costs, was within the statutory maximum allowed.[3] As such, the fine and costs imposed were permissibly imposed and were not error.

Defendant also argues that the Court erred in failing to provide notice pursuant to Federal Rule of Criminal Procedure 32(h) of its intention to "depart" from the guideline fine of $175,000. Defendant's argument on this point, however, fails for several reasons. First, the costs of incarceration and supervision were addressed in the probation officer's pre-sentence report to the Court. *See Pre-Sentence Investigation Report* [Rec. Doc. 312], pg. 38 ¶142 ("Subject to the defendant's ability to pay, the Court shall impose an additional fine amount that is at least sufficient to pay the cost to the Government for any imprisonment, probation or supervised release ordered according to United States Sentencing Guideline §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United

---

[2] Amendment 572 did further state that ". . . the court shall take such costs into consideration in determining the appropriate amount of a punitive fine." However, the purpose of this amendment was to address ". . . a circuit court conflict regarding whether a court may impose a fine for costs of imprisonment and/or supervision when it has not imposed any punitive fine." Such is not the case here.

[3] Defendant was convicted of 51 counts of healthcare fraud under Title 18, Section 1347. That statute provides that the defendant may be fined up to $250,000 per count for a total fine of $12,750,000.

States Courts dated May 9, 2009, suggests that a monthly cost of $2,157.88 be used for imprisonment and a monthly cost of $311.94 for supervision.")[4] Thus, if the Court did "depart" from the guidelines, the requirements of Federal Rule of Criminal Procedure 32(h) were fulfilled by giving the defendant adequate notice via the pre-sentence report. F.R.Cr.P. 32(h); *See also Burns v. United States,* 501 U.S. 129 (1991).

The Court, however, did not "depart" from the guidelines in this case so as to trigger the notice requirements of Rule 32(h). Instead, the Court imposed a sentence at "variance" with the guidelines after considering the 3553(a) factors pursuant to the Supreme Court's holding in *Gall v. United States*, 552 U.S. 38 (2007). Recently, the Supreme Court in the case of *Irizarry v. United States*, - - - U.S. - - -, 128 S.Ct. 2198 (2008), held that, in the post-*Gall* world, ". . . neither the Government nor the defendant may place the same degree of reliance on the type of 'expectancy' that gave rise to a special need for notice in *Burns*. Indeed, a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry*, 128 S.Ct. at 2202. The Court further held that no notice is required when a Court varies from the guidelines pursuant to §3553(a) as *Gall* has effectively

---

[4] The Court further notes that defendant lodged no objection to this paragraph of the pre-sentence report despite being given ample time and opportunity to make his objections known.

4

placed litigants on notice that the guidelines are merely advisory.[5]  *Id.*  Accordingly, as no notice was required, had the Court failed to give notice, no error would have been present.

Accordingly, as the costs were properly imposed and as the Court is afforded no discretion under the terms of the statute, it is

**ORDERED** that the government's Motion [Rec. Doc. 320] is **GRANTED**.  If defendant's pending appeal is not successful, once the defendant reports to the designated BOP facility, the Clerk of Court is authorized, directed and ordered to draw a check on the funds received from the defendant now in the Registry of this Court in the principal sum of $270,175.44, and make this check payable to: United States District Court for the Western District of Louisiana.[6]  This check and sum of money will be noted and credited as payment of the previously ordered costs of incarceration and supervision as shown in the defendant's judgment of conviction. The defendant will then be released from any further obligations of his bond and any remaining balance is to be refunded to him.

---

[5]     The Court explained that a "departure," as that term is used in F.R.Cr.P. 32(h), is a term of art and only refers to non-guideline sentences imposed within the framework of the guidelines pursuant to Title 18, Section 3553(b) of the United States Code.  *Irizarry*, 128 S.Ct. at 2202.  In contrast, a "variance" is any non-guideline sentence imposed pursuant to the factors set forth in Title 18, Section 3553(a) of the United States Code.  *Id, See also United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

[6]     As the Court has already ordered the $175,000 portion of the fine paid pursuant to §2044, the remaining balance is $270,175.44.  This amount was calculated using the most recent advisory from the Administrative Office of the United States Courts dated May 6, 2009, and suggesting that a monthly cost of $2,157.88 be used for imprisonment and a monthly cost of $311.94 for supervision.

**IT IS FURTHER ORDERED** that, should the defendant not serve his full sentence, any unused portion of the imposed costs are to be refunded to him.

**THUS DONE AND SIGNED** this 29th day of July, 2009 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge