**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

UNITED STATES OF AMERICA   CRIMINAL ACTION NO. 06-60006

VERSUS        JUDGE MELANÇON

MEHMOOD M. PATEL, M.D.   MAGISTRATE JUDGE METHVIN

**MEMORANDUM RULING**

Before the Court are the Government's Motion Requesting Amendment of Restitution Order [Rec. Doc. 336] and defendant's memorandum in opposition thereto [Rec. Doc. 338]. For the reasons that follow, the government's motion will be **DENIED.**

**I. BACKGROUND**

On June 8, 2009, this Court entered Judgment [Rec. Doc. 313] consistent with a jury verdict finding defendant, Dr. Mehmood M. Patel ("defendant") guilty on 51 counts of health care fraud under 18 U.S.C. § 1347. The Court ordered defendant to pay restitution in the sum of $387,511.56. This amount was based upon "Declaration of Victim Losses" affidavits previously submitted to this Court by defendant's victims.

On June 10, 2009, defendant filed a Notice of Appeal [Rec. Doc. 314], appealing the jury verdict and the Court's sentence to the United States Court of

1

Appeals for the Fifth Circuit.

On August 31, 2009, the government filed a Motion Requesting Amendment of Restitution Order [Rec. Doc. 336], pursuant to 18 U.S.C. § 3664(d)(5), and submitted affidavits signed by two additional victims, Donna Fils and Mary Davis, declaring economic losses of $33,710 and $4,000, respectively. The government alleged that both of these victims had not received timely notice of the procedure for submitting a loss declaration affidavit, and requested that the Court's Judgment be amended to order restitution to each of the two victims in the stated amounts.

## II. DISCUSSION

### A. **Jurisdiction over a Restitution Order while an Appeal of the Order is Pending**

While the issue of jurisdiction was not raised by defendant, before the court may exercise its discretion as to whether to amend a restitution order, it must resolve the threshold issue of whether it has jurisdiction to do so.

The Court notes the "general rule that the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir.2005).

There are limited exceptions to the general rule, that is, instances in which a district court retains jurisdiction to take action related to judgments that have

2

already been appealed.  The question before the Court in this specific situation,

whether a district court has jurisdiction, while an appeal of a restitution order is

pending, to grant a motion to amend the order based on victims' not having timely

received notice of the procedure for submitting loss affidavits, is res nova in the

Fifth Circuit.

However, the jurisprudence of the Fifth Circuit makes clear that pending

appeal, a district court has authority to act on a judgment only in ways that would

not substantively alter it from the standpoint of the reviewing court.[1]  A district

court may take enforcement or procedural measures, but it does not have

jurisdiction to change the judgment's substance.  A district court "retains

jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment

on the merits is pending on appeal…[because] such motions are collateral to the

merits."  *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524-25 (5th

Cir.2002).  It also has "continuing jurisdiction in support of its judgment[s],"

including the power to "enforce [them] through contempt sanctions," *Santibanez

v. Wier McMahon & Co.*, 105 F.3d 234, 238 (5th Cir.1997), and to grant or alter

injunctions in order to "maintain the status quo."  *Sierra Club, Lone Star Chapter

v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 578 (5th Cir.1996).

---

[1] A district court may, even after a notice of appeal is filed, dispose of certain motions that do meaningfully affect the judgment, but only in limited situations where, pursuant to Federal Rule of Appellate Procedure 4, the notice of appeal is not considered "effective" until such motions' disposition is complete.  *See Ross*, 426 F.3d at 752; Fed. R. App. P. 4(a)(4).  In this case there is no question that the appeal of the restitution order had become effective well before the government filed its motion.

By contrast, a district court lacks jurisdiction, after a judgment has been appealed, to grant a motion for a sentence reduction. *See United States v. Hayes*, 589 F.2d 811, 827 n. 8 (5th Cir.1979). A district court may not grant a Rule 60(b) motion for relief from a civil judgment or order while appeal is pending, without first obtaining leave from the court of appeals.[2] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir.2004).

With respect specifically to *restitution orders*, the jurisprudence of the Fifth Circuit, and other circuits, is consistent with the rule that a district court's power to act, while the order is on appeal, is limited to actions that do not change the appealed order in any meaningful way. The Fifth Circuit allowed a district court to "amend" a stock turnover order multiple times while appeal was pending, but the amendments were no more than restatements of the court's original command that defendants surrender specific property. *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 77 (5th Cir.1995). A district court in the Third Circuit found that it lacked jurisdiction to amend a restitution order even only to plug in a dollar amount determined by a pre-ordained formula.[3] *See United States v. Himler*, 355 F.3d 735, 739 (3d Cir.2004). The Sixth Circuit upheld a district court's grant of a motion to "modify" a restitution order, but the modification in fact was only a

---

[2] There is an exception for any Rule 60(b) motion filed within 10 days, but only because the notice of appeal is not considered to become "effective" until the motion is ruled upon, pursuant to Fed. R. App. P. 4(a)(4)(B), discussed above.

[3] The circuit court noted the district court's ruling, but did not opine on its correctness.

clarification as to which statute it had relied upon to authorize the order. *United States v. Joseph*, 914 F.2d 780, 783 n. 2 (6th Cir.1990). The Eighth Circuit twice found that an appeal did not divest the district court of jurisdiction to "clarify" a restitution order, but one of those clarifications consisted only of allowing the garnishment of a separate settlement award in order to satisfy the judgment, *United States v. Allen*, 247 F.3d 741, 794 (8th Cir.2001), *vacated on other grounds and remanded* 536 U.S. 953, 122 S.Ct. 2653, 153 L.Ed.2d 830 (2002), and the other amounted simply to setting a schedule for restitution payments while the defendant was incarcerated, which was required by law. *United States v. Vanhorn,* 296 F.3d 713, 720 (8th Cir.2002).

The amendment requested by the government, were the Court to grant it, would change an existing restitution order's dollar amount to include additional payments to new victims and would be wholly unrelated to explanation or enforcement. Thus the Court lacks jurisdiction to grant the motion.

B. **Amending a Restitution Order for "Good Cause" under 18 U.S.C. § 3664(d)(5)**

Had the Court retained jurisdiction, the government's motion for an Amended Restitution Order would be decided according to the "good cause" standard set forth in 18 U.S.C. § 3664(d)(5). The statute provides that if a victim of a crime for which restitution has been ordered "subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an

amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief." 18 U.S.C. § 3664(d)(5).

Defendant suggests that the Court add to this test a requirement that the losses not have been "apparent" at the time of the order. Such a requirement is not part of the statute, however, and the only case defendant cites as authority does not involve § 3664(d)(5)'s "further losses" provision, but rather deals only with the other portion of that subsection. *See United States v. Farr*, 419 F.3d 621 (7th Cir.2005).

Here, the government has submitted affidavits from two victims that list the alleged direct economic losses the victims suffered as a result of defendant's criminal acts. The government claims that these two victims, Donna Fils and Mary Davis, did not receive timely notice of their right to apply for restitution, and that they filed affidavits declaring their losses as soon as they learned that they could do so. Their loss declarations were signed on July 2, 2009 and July 20, 2009, respectively. The government moved for this amendment on August 31, 2009, exactly 60 days after Ms. Fils declared her losses to the government.

The situation at hand closely resembles that in *United States v. Eisenberg*, in which a restitution order was entered against a seller of phony precious stones. 2008 WL 2605125 (S.D.N.Y.2008). Three months after the order was entered, the government requested an amended restitution order under § 3664(d)(5), and submitted affidavits alleging that eleven victims did not learn of the opportunity to

request restitution until after the initial order was entered. The district court found the government's showing to constitute "good cause," and amended the restitution order accordingly. *Id.*, at *5. The Court notes that in *Eisenberg*, unlike the case at bar, the defendant had not lodged an appeal.

The submissions presently before this Court purport to make a similar showing, and potentially would provide an adequate "good cause" showing for the purposes of 18 U.S.C. § 3664(d)(5). Thus, if it had jurisdiction, the Court would allow the out of time filing, and permit Ms. Fils and Ms. Davis to present evidence that they had not received timely notice, and if they so established, to prove their economic losses as a result of defendant's criminal conduct.

## III. CONCLUSION

As the Court lacks jurisdiction to amend the Restitution Order while an appeal of the order is pending in the United States Court of Appeals, the Court will **DENY** the government's motion that the Restitution Order in this case be amended pursuant to 18 U.S.C. § 3664(d)(5).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 06-60006

VERSUS                                                            JUDGE MELANÇON

MEHMOOD M. PATEL, M.D.                         MAGISTRATE JUDGE METHVIN

## ORDER

For the reasons stated in the Memorandum Ruling issued this date, it is

**ORDERED** that the Government's Motion Requesting Amendment of Restitution Order [Rec. Doc. 336] is **DENIED**.

**THUS DONE AND SIGNED** this 30th day of September, 2009 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge